IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INSTANT TECHNOLOGY, LLC, an Illinois )
limited liability company, )
)
       Plaintiff, )
)
  v. ) No. 12 C 491
)
ELIZABETH DEFAZIO, LAURA REHN, )
MEGAN MARKER, BETHANY MEEK, )
ERIN BAUER, JOEL KATZ, ANDREA )
KATZ, individuals, and CONNECT SEARCH, )
LLC, a Delaware Limited Liability Company, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On April 19, 2012, plaintiff Instant Technology, LLC ("Instant Technology") filed a First Amended Verified Complaint for Injunctive and Other Relief (Dkt. No. 40 ("Am. V. Compl.")) against former employees Elizabeth DeFazio, Laura Rehn, Bethany Meek, and Erin Bauer (collectively "Employee Defendants"), as well as against Joel Katz, Andrea Katz, and Connect Search, LLC ("Connect Search") (collectively "Connect Search Defendants") (altogether "defendants"). Instant Technology seeks injunctive and other relief from Employee Defendants for breach of employment agreements, breach of fiduciary duty, and alleged violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Instant Technology also seeks injunctive and other relief from all defendants for alleged violations of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/2-3, tortious interference with business expectancies, and civil conspiracy, and from DeFazio and the Connect Search Defendants for tortious interference with contract. Currently pending before the court are Instant Technology's motions for leave to file a

second amended verified complaint (Dkt. No. 150) and to compel documents and to extend discovery (Dkt. No. 156).

I. Motion to File Second Amended Verified Complaint

On July 12, 2012, this court set a schedule including a deadline of December 12, 2012, for the parties to amend pleadings and add any additional parties. (Dkt. No. 51.) No party requested an extension to that deadline. On March 15, 2013, the last day of discovery (*see* Dkt. No. 114), Instant Technology filed a motion for leave to file a second amended verified complaint. (Dkt. No. 150.) The second amended verified complaint seeks to add two new defendants to the case. The first is Laura Cation, a former employee of Instant Technology who now works for Connect Search. (*Id.* ¶¶ 4-7.) The second is Brown Lab Investments, LLC ("BLI"), a Delaware limited liability company that Instant Technology alleges Andrea Katz created in 2011 as an investment vehicle from which Andrea and Joel Katz invested funds to start Connect Search. (*Id.* ¶ 8.) BLI allegedly owns approximately 60% of Connect Search. (*Id.*)

Because Instant Technology seeks to amend its pleadings after the deadline set in the court's scheduling order, it must show "good cause" for the late amendment under Fed. R. Civ. P. 16(b)(4). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Only if Instant Technology shows good cause for the amendment will the court consider the requirements of Fed. R. Civ. P. 15(a)(2), under which the court should "freely give leave [to amend] when justice so requires." District courts have wide discretion to determine the existence of good cause, but "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

The only justification that Instant Technology provides for its late amendment is that, at the time of the filing of the First Amended Verified Complaint, it was unaware that Cation had

2

breached her employment agreement with Instant Technology, and was unaware of the extent of BLI's involvement in Connect Search. (Dkt. No. 150 ¶¶ 14, 15.) Instant Technology contends that it learned of these facts only through discovery and especially Cation's deposition on February 14, 2013, and Joel Katz's deposition on February 7, 2013. (Dkt. No. 167, at 2-3.) Instant Technology asserts that it then requested to amend its complaint on March 15, only a few weeks thereafter.

Even assuming that Instant Technology's motion to amend its complaint was not unreasonably delayed following Katz's and Cation's depositions, Instant Technology also had an obligation to diligently seek the information necessary to determine whether an amendment was necessary in the first place. Instant Technology knew that the deadline to amend pleadings was on December 12, 2012, and yet it did not schedule the depositions of Katz and Cation until well after that date. Instant Technology did so despite knowing that Cation was working for Connect Search as early as August 2, 2012 (Dkt. No. 161, Ex. A), and that Connect Search was being funded by BLI as early as April 19, 2012 (Dkt. No. 40 ¶ 54). Despite knowing those facts, Instant Technology did not seek further information about Cation's and BLI's alleged wrongdoing until after the date to amend pleadings had passed. That failure shows a lack of diligence destroying any claim Instant Technology might have that it had "good cause" for its delay in amending its pleadings. Accordingly, Instant Technology's motion for leave to file its second amended verified complaint (Dkt. No. 150) is denied.

II. Motion to Extend Discovery and to Compel

Instant Technology also moves to compel the defendants to produce forensic images of certain hard drives in the defendants' hands, financial records related to the defendants' solicitation of Instant Technology clients, and documents relating to candidate placements.

Instant Technology also moves to compel access to Connect Search's computers to allow it to perform targeted searches to determine whether Connect Search has used Instant Technology's information during its solicitation of customers. Instant Technology also requests that the discovery period be extended to accommodate the enforcement of its motion to compel.

Instant Technology initially requested the discovery it seeks in its motion to compel in or after mid-February, almost one month after January 18, 2013, the date the court established as the written discovery deadline.[1] Instant Technology did not request leave of court to serve its late requests at the time that it served those requests. To justify these late requests, Instant Technology again must satisfy the requirement of Rule 16(b)(4) that it show "good cause" for the modification to the court's schedule. Moreover, because Instant Technology's motion to extend the written discovery deadline was not filed until March 15, 2013, almost two months after the written discovery deadline, Instant Technology must also show "excusable neglect" for its failure to act before the written discovery deadline under Fed. R. Civ. P. 6(b)(1)(B). *See Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005).

Here, Instant Technology's only explanation for its late requests is that it learned of additional information through the discovery process that required the additional requests. Instant Technology provides no specifics, however, other than to note that it learned during its depositions of the defendants in February and March 2013 that Instant Technology solicited forty-nine clients of Instant Technology. (Dkt. No. 156, at 8.)

---

[1] Instant Technology requested production of the hard drives of the defendants on February 13, 2013. (Dkt. No. 156 ¶ 20.) It issued a request for 30(b)(6) documents including financial records relating to the defendants' transactions with Instant Technology's clients on February 14, 2013. (*Id.* ¶ 32.) It requested documents related to candidate placement requests by Connect Search on February 15, 2013. (*Id.* ¶ 39.) It requested that it be allowed to image and inspect the hard drives on Connect Search work computers on March 12, 2013. (*Id.* ¶ 47.)

That explanation is inadequate to demonstrate either good cause or excusable neglect. Discovery has been ongoing in this matter since February 2012. Instant Technology had ample time to schedule depositions prior to the close of written discovery, if it had anticipated the possibility that information uncovered in depositions might lead to a need for additional requests for written discovery. Such a possibility is a normal part of litigation that Instant Technology should have anticipated, not an unforeseen occurrence constituting good cause for amending the court's scheduling order.

Moreover, the information that Instant Technology discovered during the depositions should not have been a surprise. One of Instant Technology's key allegations in this case is that the defendants are improperly soliciting its clients in violation of the non-solicitation clauses of their employment agreements. (Dkt. No. 40 ¶ 85.) In light of that allegation, one could anticipate that Instant Technology would seek information regarding the defendant's alleged solicitations of Instant Technology's clients early on. Instant Technology thus should not have been blindsided by the revelation in depositions that the defendants were attempting to solict some of Instant Technology's clients.

Instant Technology argues in its reply brief that the defendants have "waived" any objection to its untimely requests because "up until now, the parties have cooperated well during discovery" and "both parties requested and produced additional documents after the allegedly sacrosanct and immovable written discovery cutoff date." (Dkt. No. 166, at 11.) The mutually agreeable exchange of information during litigation need not occur only by means of formal discovery, however. To the contrary, the court encourages the parties to exchange information informally to assist one another to minimize cost and to reach an amicable resolution of their dispute. Exchanging information outside of the formal discovery process, however, does not

5

represent an abandonment of the discovery deadlines. Formal discovery exists to keep the parties on track, and to delineate the time period during which the parties may seek court intervention to resolve any discovery disputes. Here, that period ended on January 18, 2013, and nearly two months passed after that date before Instant Technology requested an extension of the discovery period and filed its motion to compel. The parties' agreed exchange of information after the formal discovery period is not a sufficient explanation to justify such a delay. Accordingly, the court will deny Instant Technology's motion to compel the production of additional information.

III.     Expert Reports

Finally, Instant Technology requests permission to update the report of its damages expert, which was originally issued on October 29, 2012, to account for additional information it learned during discovery. Instant Technology has a duty to update its Rule 26(a)(2) disclosures to account for new information under Rule 26(e). Because trial is not yet set in this case, the parties have ample time to update expert disclosures and the court will grant Instant Technology leave to update the report of its damages expert. If the damages expert includes new theories in his report, rather than merely updating it to account for new information Instant Technology has learned since October 29, 2012, the defendants may move to strike the new theories.

## CONCLUSION

For the reasons explained above, Instant Technology's motion for leave to file a second amended verified complaint (Dkt. No. 150) is denied, and its motion to compel documents and to extend discovery (Dkt. No. 156) is granted in part and denied in part. The court will not extend the January 18, 2013 deadline, and will not compel production of the documents Instant Technology requests. The court will, however, allow Instant Technology to supplement the report of its damages expert by 6/20/13. A status hearing is set for 6/27/13 at 9 am to set further

dates, including dates for trial and for potentially dispositive motions.

                                ENTER:

                                _____
                                JAMES F. HOLDERMAN
                                Chief Judge, United States District Court

Date:   June 4, 2013